UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

04 FEB 20 PM 4:42

KURT E. RENT,                          )
                                       )
      Plaintiff,                       )
                                       )
      v.                               )
                                       )
AMTRAK,                                )   **1:04-CV-0359 RLY - WTL**
                                       )
      Defendant.                       )

## COMPLAINT FOR DAMAGES

### Jurisdiction

The jurisdiction of this Court is invoked pursuant to the terms of 42 U.S.C. 2000

(e) et seq. and 42 U.S.C. 1981 as amended.  All as authorized by 28 U.S.C. 2201.

### Parties

1.      Plaintiff is an African American male and was employed by Defendant on

March 5, 1979.  Plaintiff is a resident of Marion County, Indianapolis, Indiana.

Indianapolis, Indiana is the situs of Plaintiff's employment for Defendant.

2.      Defendant is engaged in the business of providing rail transportation for

freight, cargo, and passengers.

### Operative Facts

3.      The Plaintiff continues to be employed by the Defendant.  The Defendant

has discriminated against Plaintiff in its employment practices because of Plaintiff's

race, African American.  Also, the Defendant has retaliated against Plaintiff in response

to Plaintiff's action to protect his legal rights and to enforce his rights.  Also, the Plaintiff

was retaliated against because he reported certain practices, which are dangerous to

human life and property to the federal agency charged with the responsibility of investigating activities of Defendant surrounding such practices, and in response to Plaintiff reporting racial problems generated by Caucasian employees, he reported them to his supervisor/manager, a Caucasian. No corrective action was taken and he was retaliated by said Defendant because he made such reports. On the contrary, when any observations were alleged concerning Plaintiff's activities investigations were undertaken. Defendant treated Plaintiff in a negative fashion while it afforded favorable treatment to similarly situated Caucasians.

4.    The Defendant interfered with and denied Plaintiff the right to exercise the authority and responsibility that Plaintiff had when he served in the position of Lead Machinist/Inspector (Passenger Valves). Defendant interfered with and undermined and was not supported when performing his duties as Lead Machinist/Inspector (Passenger Valves). Also, the Defendant discriminatory demoted him from his position as Lead Machinist/Inspector (Passenger Valves). Plaintiff lost pay as a result of said discriminatory demotion. Defendant discriminated against the Plaintiff by holding him to high, unrealistic standards regarding the performance of the valve work by the Plaintiff. Caucasian employees doing valve work were not held to the same high standards, but were treated with leniency and low standards when it came to identifying and evaluating the valve work performed by Caucasians.

5.    Defendant harassed the Plaintiff because of his race and the Defendant because of its conduct created a unlawfully racial hostile environment in which Plaintiff was to require work. The Defendant unlawfully suspended Plaintiff from his employment. The Defendant unlawfully demoted the Plaintiff.

## Administrative Proceedings

6.    On or about July 1, 2003, Plaintiff filed a Charge with the Equal Employment Opportunity Commission (EEOC). The Defendant was named as Respondent in that Charge. Defendant was charged with race discrimination, retaliation, created a hostile work environment, and harassing the Plaintiff.

7.    On or about November 24, 2003, Plaintiff received a Notice of Right to Sue from the EEOC in this case.

## Count I

8.    That by virtue of the facts set forth in paragraphs 1-7, that Defendant had discriminated against Plaintiff because of his race. The Defendant has discriminated against Plaintiff because of his race, thereby, violated Plaintiff's rights as secured by 42 U.S.C. § 2000 (e).

## Count II

9.    That by virtue of the facts set forth in paragraphs 1-8, that Defendant discriminated against Plaintiff by not affording him the same rights that are afforded by Caucasians under similar circumstances.

## Count III

10.    That by virtue of the facts set forth in paragraphs 1-9, that Defendant has retaliated against Plaintiff because the Plaintiff took steps provided by law to assert his legal rights and exercise rights, privileges, and responsibilities that are placed upon him by law.

## Damages

11.    That by virtue of the facts set forth herein, the Plaintiff has been damaged.

Plaintiff's damages consists of:

        a)      physical loss;

        b)      emotional loss;

        c)      emotional damages;

        d)      loss of earnings;

        e)      loss of opportunities to advance in his employment;

        f)      humiliated and embarrassed; and

        g)      Plaintiff has suffered general consequential damages.

12.     The actions taken against Plaintiff by Defendant were intentional and malicious.

## Punitive Damages

13.     Punitive damages should be assessed against Defendant because the actions taken against Plaintiff by the Defendant were intentional, malicious, and calculated to produce harm.

## Fees and Costs

14.     That the costs of this action and reasonable attorney's fees to be assessed against Defendant under 42 U.S.C. § 2000 (e) et seq., 42 U.S.C. § 1988, and for all other relief which is proper in the premises.

**WHEREFORE**, Plaintiff prays that Plaintiff be placed in the position that he would occupy but for the exercise of race discrimination and acts of retaliation against him and for costs, damages, attorney's fees pursuant to the Attorney's Fees Act 42 U.S.C. § 1988 and 42 U.S.C. § 2000 (e) et seq. and for all other relief which is proper in the premises.

Respectfully submitted,

John O. Moss, Jr.
Attorney No.: 9232-49
MOSS & MOSS, LLP
One Virginia Avenue, Suite 510
Indianapolis, IN 46204
(317) 635-1945
(317) 635-6930 Facsimile